United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al., Plaintiffs, v. NOTTNAGEL INDUSTRIES, INC., et al., Defendants. | Case No. 25-cv-06632-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL WITH CONDITIONS; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 17 |
|---|---|

## I. INTRODUCTION

On November 10, 2025, James Bourbeau filed a Motion to Withdraw as Counsel for Defendant Nottnagel Industries, Inc. (NII) pursuant to Civil Local Rule 11-5. ECF No. 17. Plaintiffs filed a statement of non-opposition. ECF No. 30. NII has not filed a response. The Court finds this matter suitable for disposition without oral argument and **VACATES** the December 18, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.

## II. BACKGROUND

James Bourbeau is the attorney of record for Defendants NII, a suspended California Corporation, Matthew Nottnagel, an individual, and N6 LLC, a California Limited Liability Company. Bourbeau Decl. ¶ 1, ECF No. 17-1. NII was suspended by the California Franchise Tax Board (FTB) effective April 2, 2024, for failure to meet tax obligations. *Id.* ¶ 5 & Ex. A (California Secretary of State business entity detail for NII, showing its status as "Suspended – FTB" effective April 2, 2024). However, Bourbeau states that on November 6, 2025, he "was informed by the client via email that there is no intention to revive NII." *Id.* ¶ 6 & Ex. B. Bourbeau states this refusal to revive has irreparably broken down the attorney-client relationship,

making continued representation unreasonably difficult. *Id.* ¶ 7.

After Bourbeau filed the present motion, the Court granted Matthew Nottnagel and N6's motion to substitute in Steven Benjamin as their counsel of record. ECF Nos. 21, 23.

### III.   LEGAL STANDARD

Civil Local Rule 11–5(a) provides that "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When addressing a motion to withdraw, the consent of the client is not dispositive. *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010)). Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case. *Id.*

Additionally, Civil Local Rule 11–4(a)(1) mandates compliance with the standards of professional conduct required of members of the State Bar of California. *See also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Counsel must take steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient notice to the client to allow time for employment of other counsel, complying with Rule of Professional Conduct 1.16(e) (regarding the return of all client materials and property), and complying with all other applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

### IV.   DISCUSSION

The Court finds good cause for withdrawal. First, since NII is a suspended corporation, it lacks the capacity to defend itself in this lawsuit. *See Garvin v. Tran*, 2010 WL 2991260, at *1 (N.D. Cal. July 29, 2010) (granting motion to withdraw as counsel for suspended corporation) (citing *Traub Co. v. Coffee Break Serv., Inc.*, 66 Cal. 2d 368, 371 (1967); *Boyle v. Lakeview Creamery Co.*, 9 Cal. 2d 16, 19 (1937); Cal. Rev. & Tax Code § 23301.5). Second, California Rule of Professional Conduct 1.16 provides several enumerated grounds pursuant to which

counsel may properly seek to withdraw from representation, including when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule of Prof. Conduct 1.16(b)(4). Due to NII's suspended status and its stated refusal to revive the corporation, Bourbeau is unable to effectively represent NII in this action. *See* Cal. Rule of Prof. Conduct 1.2.1 ("A lawyer shall not counsel a client to engage, or assist a client in conduct that the lawyer knows is criminal, fraudulent, or a violation of any law, rule, or ruling of a tribunal.").

In addition, the Court finds Bourbeau has complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct because he provided reasonable advance notice to NII of his intention to withdraw as counsel of record. *See* ECF No. 20 (proof of service on NII). Accordingly, the Court finds withdrawal is appropriate and therefore **GRANTS** Bourbeau's motion.

A corporation can only appear through licensed counsel. *See* Civ. L.R. 3-9(b); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted); *Bourbeau v. Cognitive Code Corp.*, 693 F. App'x 499, 503 (9th Cir. 2017) (affirming district court's dismissal based on corporation's failure to retain counsel). Thus, as NII has made no appearance through substitute counsel, the Court grants Bourbeau's motion to withdraw on the condition that he remain counsel of record pursuant to Civil Local Rule 11-5(b) to serve all filed documents on NII until substitute counsel appears on its behalf. NII is advised that failure to retain substitute counsel could result in the entry of default judgment against it. *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of default judgment where corporate defendant failed to obtain substitute counsel); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (same).

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** James Bourbeau's Motion to Withdraw as Counsel for Defendant Nottnagel Industries, Inc. Because no substitution of counsel has been

filed on NII's behalf, the motion is granted on the condition that Bourbeau remain counsel of record to serve all filed documents on NII until a substitution of counsel is filed. *See* Civ. L.R. 11-5(b). For all such documents, Bourbeau shall e-file proof of service within three business days of filing. NII is advised that failure to retain substitute counsel could result in the entry of default judgment against it.

The Court **CONTINUES** the case management conference in this matter to February 12, 2026 at 10:00 a.m. by Zoom video conference. The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/. This conference shall be attended by lead trial counsel. By February 5, the parties shall file an updated Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/tshorders. The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.

**IT IS SO ORDERED.**

Dated: December 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge